# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos A.,<br><br>Petitioner,<br><br>v.<br><br>United States,<br><br>Respondent. | Case No. 26-cv-4181 (ECT/DJF)<br><br>**ORDER** |

Petitioner Carlos A. has filed a petition for a writ of habeas corpus challenging the legality of his detention pending removal proceedings. The Court has conducted an initial review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and concludes, following that review, that the habeas petition fails to adequately plead a claim for relief. Petitioner will be afforded an opportunity to file an amended habeas petition more clearly setting forth his claims.

Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." The habeas petition submitted in this matter sets forth three grounds for relief: A claim challenging his "[c]ontinued immigration detention without release," a claim challenging the "[l]ack of a meaningful opportunity to obtain release from detention," and a "[r]equest for immediate release or a prompt hearing." (ECF No. 1 at 6.) Very little by way of factual allegations is provided in support of these grounds for relief. As a result, it is impossible to say from the

[1] Although Petitioner does not bring his habeas petition under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases nevertheless may be applied to the petition. *See* Rule 1(b).

habeas petition what, specifically, Petitioner is alleging. For example, the habeas petition is ambiguous as to whether Petitioner has been entirely *denied* an opportunity for release from detention through a bond hearing, or whether Petitioner received a bond hearing and did not believe that opportunity to be "meaningful." *Id.* Similarly unclear from the petition is any description of *why* Petitioner believes that he is entitled to release—that is, whether he believes the government has incorrectly concluded that a statute requiring mandatory detention applies to him, whether he believes he has a constitutional right to a bond hearing notwithstanding that a statute requiring mandatory detention applies to him, or whether he is raising an entirely different kind of claim. Likewise, Petitioner states early in his Petition that he is "challenging his arrest" (ECF No. 1 at 2), but none of the grounds for relief attacks the legality of the Petitioner's arrest, and Petitioner does not allege facts that, if proved true, would show that his arrest was unlawful.

The Court understands that Petitioner is not an attorney and does not expect Petitioner to plead his claims with the same clarity that would be expected from an attorney. Nevertheless, the habeas petition must be sufficiently clear to put the government on notice of why Petitioner believes that he is entitled to relief so that the government may adequately respond to the claims being raised. The Court does not believe the government could reasonably be expected to respond to the habeas petition Petitioner filed.

Because Petitioner is not an attorney, however, the Court believes it is in the interest of justice to allow Petitioner an opportunity to file an amended habeas petition clarifying his claims for relief. The amended habeas petition does not need to be long or detailed, but the petition must comply with Rule 2(c)—that is, the amended habeas petition must specify the claims being raised and the factual allegations supporting those claims. Petitioner must submit his amended habeas petition no later than October 20, 2026, failing which the Court will recommend that the habeas

petition be denied for the reasons explained above and this case dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner must also submit the $5.00 filing fee for this action or, if he is unable to pay the filing fee, apply for *in forma pauperis* status, as previously directed by the Clerk of Court. (*See* ECF No. 2.) The filing fee or *in forma pauperis* application must also be submitted by no later than October 20, 2026, failing which the Court will recommend that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

Dated: September 29, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge